```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LEE MATHIS,

                  Plaintiff,

    -against-                              MEMORANDUM AND ORDER
                                           08-CV-1163(JS)(ETB)

LIBERTY MOVING CO. and UNITED
VAN LINES,

                  Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:     Lee Mathis, Pro se
                   7 Hatcher Court
                   Amityville, NY 11701

For Defendants:    No Appearance
```

SEYBERT, District Judge:

Pro se Plaintiff Lee Mathis ("Plaintiff") commenced this action on March 14, 2008 against Defendant Liberty Moving Co. ("Defendant") alleging age discrimination pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. ("ADEA"). The Complaint was accompanied by an application to proceed in forma pauperis. By Order dated April 28, 2008, this Court denied Plaintiff's application to proceed in forma pauperis with leave to renew, noting that Plaintiff failed to disclose his monthly expenditures. The April 28, 2008 Order also dismissed Plaintiff's Complaint, with leave to amend, for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure. Specifically, the Court noted that the section of the Complaint that states "[t]he facts of my case are as follows:" was completely blank. (Compl.

4.)

On May 9, 2008, Plaintiff timely filed an Amended Complaint; however, the Court found that the new document was exactly the same as the April 28, 2008 Complaint, except Plaintiff added a second Defendant – United Van Lines. Plaintiff subsequently submitted a renewed application to proceed in forma pauperis. In an Order dated July 27, 2008, this Court granted Plaintiff's application to proceed in forma pauperis but dismissed the Amended Complaint with leave to amend no later than August 29, 2008. On August 4, 2008, Plaintiff timely filed the Second Amended Complaint ("Second Amended Complaint").

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

In evaluating the Second Amended Complaint, the Court is required to read the Plaintiff's pro se complaint liberally and to liberally construe a pro se plaintiff's papers "'to raise the strongest arguments that they suggest.'" Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Hughes v. Rowe, 449 U.S. 5, 9, 101 S.

Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); see also Erickson v. Pardus, -- U.S. --, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989); Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

Based on its evaluation of the Second Amended Complaint, the Court finds that Plaintiff, albeit with little detail, sufficiently alleges that Defendants discriminated against him based on his age. Specifically, Plaintiff alleges that he was told he was too old, his foot was too big, and he moved too slow. (Compl. ¶ 8.) It may be that Plaintiff may fail to prove his claims, but the Court's uncertainty that Plaintiff will ultimately succeed on the merits is no justification for a dismissal at this stage of the case. See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

Having previously secured in forma pauperis status, the Court ORDERS that the United States Marshal Service shall serve the Summons, Second Amended Complaint, and copy of this Order upon Defendants without Plaintiff's payment therefor; however, unpaid

3

fees are recoverable if this action terminates by monetary award in Plaintiff's favor.

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       September 19, 2008