

Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*

Lisa Waxman Davis^‡
Kevin Foley*‡

April 18, 2011

**VIA ECF AND REGULAR MAIL**

Hon. Joanna Seybert, U.S.D.J.
United States District Court
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza, Room 1034
Central Islip, NY  11722-4449

Re:     **Lee Mathis v. Liberty Moving Co. & United Van Lines, LLC**
        **Civil Action No. 08 CV 1163 (JS)(ETB)**

Dear Judge Seybert:

We are counsel for defendant Liberty Moving & Storage Co., Inc. ("Liberty") and respond in opposition to plaintiff's counsel's letter, dated April 15, 2011, to the Court requesting a final default judgment against Liberty.

As advised in our letter, dated April 12, 2011, to Your Honor, the parties' Settlement Agreement provides for $10,000.00 in liquidated damages for "any" confidentiality breach.  Thus, there is a potential for multiple $10,000.00 liquidated damages awards in favor of Liberty against plaintiff.  With the Court's leave, Liberty will serve a subpoena on Mr. Desmond Estrick for his sworn testimony as to his knowledge of Liberty's final payment to plaintiff and any other confidentiality breaches by plaintiff.

Until the Court adjudicates the factual issues with respect to plaintiff's breach of the Settlement Agreement and the amount of liquidated damages to which Liberty is entitled, it would be highly imprudent for Liberty to blithely pay the remaining $30,000.00 installment to plaintiff in the vain hope that Liberty could later enforce a damages award against him for violating his confidentiality promise made in Court.

We advised plaintiff's counsel by letter, dated April 13, 2011, that Liberty proposes depositing the remaining settlement funds with the Court pursuant to Fed.R.Civ.P. 67(a) and plaintiff's counsel has not objected.  The purpose of Rule 67's remedy is to relieve the depositor of responsibility for the disputed

*New Jersey*
505 Main Street
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005
www.wright-associate.com

‡Of Counsel
*Member NJ & NY Bars
^Member NY Bar



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

fund while the parties settle their differences with respect to it.   Qwest Corporation v. City of Portland, 204 F.R.D. 468, 470 (D. Or. 2001).

Furthermore, Liberty has an implied contractual right to withhold the final payment to cover its set-off rights as a result of plaintiff's willful material breach of the Settlement Agreement, particularly where plaintiff's solvency is doubtful.  See Siegel, New York Practice, 4th Ed. 469 ["It would be unfair [under CPLR 3212(e)], if P were unable to pay D's later judgment on a counterclaim, to let P get and enforce a judgment on the main claim; it would be fairer in that situation to hold P's claim in abeyance to be offset by whatever the counterclaim may establish"].

Plaintiff's contention that Liberty is acting in bad faith by withholding the final payment to secure its offsetting liquidated damages claim against plaintiff is unfounded.

We thank you for your consideration and await the Court's further advices with respect to the parties' request for a conference to address the above issues.

Respectfully submitted,

George W. Wright

GWW:ds

cc.   Domingo R. Gallardo, Esq. (Via E-Mail - dgallardo@cgpllp.com)