

Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

George W. Wright*
Narinder S. Parmar*

Lisa Waxman Davis^†
Kevin Foley*†

May 25, 2011

**VIA ECF**

Hon. Joanna Seybert, U.S.D.J.
United States District Court
Alfonse M. D'Amato U.S. Courthouse
100 Federal Plaza, Room 1034
Central Islip, NY 11722-4449

**Re: Lee Mathis v. Liberty Moving Co. & United Van Lines, LLC**
**Civil Action No. 08 CV 1163 (JS)(ETB)**

Dear Judge Seybert:

Please accept this letter as a summary of defendant Liberty Moving & Storage Co., Inc.'s ("Liberty's") closing arguments in support of its liquidated damages claim against plaintiff for breach of the settlement confidentiality agreement.

**A. Plaintiff Was the Source of the Breach.**

(1) For several years since they worked together as contractor day laborers at Liberty, plaintiff has had a friendship with Desmond Estrick and Milton Walker whom plaintiff listed as his witnesses in this action. Walker even urged plaintiff to pursue discrimination claims against Liberty, although Walker himself was promoted by Liberty from laborer to contractor driver. Walker's own administrative complaint alleging discrimination against Liberty was later dismissed. Plaintiff, Estrick and Walker all harbor animus toward Liberty;

(2) Estrick's hostility to Liberty's dispatchers Robert Franklin and Marc Alpert, is reflected in his April 6, 2011 phone message: "See, see, you got rid of all the Black folk for Latinos ... One of y'all got to go" (Exhibit "C");

(3) On cross-examination, plaintiff admitted calling Liberty on April 11, 2011 about the status of his "package" (final payment). It is telling that "package" was the very same word Estrick used during his call with

*New Jersey*
505 Main Street
Hackensack, NJ 07601
T 201.342.8884
F 201.343.8869

*New York*
Wall Street Plaza
88 Pine Street, 7th Floor
New York, NY 10005

www.wright-associate.com

†*Of Counsel*
**Member NJ & NY Bars*
^*Member NY Bar*



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

Franklin only three (3) days earlier on April 8, 2011 when he gloated about knowing "The big package is on the way" (Exhibit "D");

(4) Plaintiff's self-serving denial of a breach lacks credibility. He is a serial felon who falsely testified in depositions on December 17, 2009 and August 18, 2010 omitting, and later denying, significant 1990 and 1994 New York criminal convictions for public lewdness (P.L. 245.00; Class B misdemeanor) and a 1994 New York conviction for endangering child welfare (P.L. 260.10; Class A misdemeanor);

(5) Before plaintiff's breach of confidentiality, Liberty's knowledge of the settlement was limited to its four (4) principals and Controller John Kenyon who have no reason to divulge information detrimental to the company and their own self-interest;

(6) Liberty's four (4) principals and Controller have had no contact with the former day laborers that included plaintiff, Estrick and Walker since the settlement.

**B. <u>Plaintiff's Counterclaim is Meritless.</u>**

(1) Liberty's Controller is not an unauthorized "other party" as contemplated by the Settlement Agreement (Exhibit "A," ¶6). His knowledge of the settlement was necessary for Liberty to comply with its payment obligations;

(2) There is no evidence of actual harm or damages to plaintiff as a result of the Controller's essential role in remitting settlement payments. <u>United Merchants and Mfrs., Inc. v. The Equitable Life Assur. Soc. of the U.S.</u>, 674 F.2d 134, 143 (2d Cir. 1982) [equity may bar liquidated damages where there is no evidence of existence of actual damages]. On the contrary, the benefit to plaintiff is patently obvious.

**<u>CONCLUSION</u>**

There is a preponderance of evidence that plaintiff was the source of Desmond Estrick's specific information about the settlement, particularly the timing of the final payment. Estrick is from plaintiff's camp, not Liberty's. Plaintiff, not Liberty, had the most motivation and best opportunity to disclose the settlement to his friends, including Estrick and Milton Walker.



Attorneys At Law

GEORGE W. WRIGHT
& ASSOCIATES, LLC

Liberty has sustained actual harm by incurring further legal expenses to enforce confidentiality and from plaintiff's disclosure of the settlement. Estrick and others are now more emboldened by plaintiff's windfall to pursue other bogus discrimination claims against Liberty ("Somebody else turn to get rich;" Exhibit "C") ("Frederico puttin' out a lot of money"; Exhibit "D").

We thank you for your attention and consideration.

Respectfully submitted,

George W. Wright

GWW:ds

cc. Domingo R. Gallardo, Esq. (Via E-Mail - dgallardo@cgpllp.com)